UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23412-CIV-HUCK/O'SULLIVAN

STANLEY HANDAL,

    Plaintiff,

vs.

JOEL DEEB, et al.,

    Defendants.
_____/

**ORDER**

**THIS MATTER** is before the Court following the January 18, 2011, hearing before the undersigned to determine the amount of fees and costs incurred by the plaintiff in attempting to secure the defendant's appearance at his deposition.

Sanctions are appropriate here under Federal Rule of Civil Procedure 37. "Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders." Stuart I. Levin & Associates v. Ronald Rogers, 156 F.3d 1135, 1140 (11th Cir. 1998). Federal Rule of Civil Procedure 37(b)(2) provides in part that: "the Court should require the party failing to obey the Order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, Joel Deeb's failure to comply with this Court's discovery Orders was not substantially justified. The plaintiff requests a total of $25,645.50 in fees and $792.50 in costs[1].

---

[1] In a document attached to the affidavit of Mr. Betensky filed on January 7, 2011, (DE # 77) the plaintiff listed $707.50 as the amount of costs. During the January 18, 2011, hearing held before the undersigned, the plaintiff indicated there was an additional cost charge in the amount of $277.50 that had not been included in the $707.50. On January 19, 2011, the plaintiff filed a Supplemental Costs Affidavit of Gary Betensky indicating that the total amount of

The amount of costs are reasonable and properly documented.  Joel Deeb does not object to the amount of costs requested by the plaintiff.  Accordingly, costs in the amount of $792.50 should be awarded to the plaintiff.  Joel Deeb does not object to the hourly rates requested by the plaintiff of $400.00 for Gary Betensky, and $235.00 for Joshua Spoont.  The requested hourly rates are reasonable and will be applied to determine the proper amount of sanctions.  Joel Deeb does object to the amount of hours spent by the plaintiff's counsel.  Specifically, Joel Deeb objects to the hours reflected in the chart below.

| Date | Time Keeper | Task | Time | Amount |
|---|---|---|---|---|
| 1/3/11 | JLS | Multiple conferences with GSB regarding preparation for deposition of Deeb | .20 | $47.00 |
| 1/3/11 | JLS | Assisted preparation for deposition; review of documents for same | 2.30 | $540.50 |
| 1/4/11 | JLS | Assisted preparation for deposition of Joel Deeb | 3.20 | $752.00 |
| 1/4/11 | GSB | Continued preparation for deposition of Deeb - Review e-mails, articles, pleadings and other key evidence; Select and organize deposition exhibits; review jury instructions and case | 4.50 | $1,800.00 |
| Total | | | 10.20 | $3,139.50 |

The deposition of Mr. Deeb was scheduled for January 5, 2011.  The deposition occurred on January 13, 2011.  Plaintiff's counsel's preparation for the January 5, 2011, deposition was utilized by the plaintiff during the January 13, 2011, deposition.  The preparation was necessary to conduct the deposition and the preparation for the deposition should not be included in determining the appropriate sanction.  During the hearing the plaintiff agreed that perhaps Mr. Deeb should not be sanctioned for the preparation time for the January deposition,

---

costs unnecessarily incurred by the plaintiff due to the depositions for which Mr. Deeb failed to appear is $792.50.

but did not agree to withdraw the preparation time for the earlier depositions to which Mr. Deeb failed to appear. A reduction of 10.20 hours for the hours reflected in the above chart, in the amount of $3,139.50 of the fees requested by the plaintiff is appropriate.

The plaintiff's attorney's bills have numerous time entries for both Gary Betensky and Joshua Spoont for tasks that are secretarial in nature. These tasks are outlined in the chart below.

| Date | Time Keeper | Task | Time | Amount |
|---|---|---|---|---|
| 6/8/10 | GSB | E-mail to Judge Huck's Law Clerk regarding status of pending Motion to Compel | 0.10 | $40.00 |
| 6/21/10 | GSB | Review Order of Referral of Motion for Continuance to Magistrate Judge | 0.10 | $40.00 |
| 6/25/10 | JLS | Review Certificate of Non-Appearance | 0.10 | $23.50 |
| 7/13/10 | JLS | Review of Order setting our Motion to Compel for hearing | 0.10 | $23.50 |
| 7/22/10 | JLS | Review of Order referring matter of Deeb's deposition to Magistrate Judge | 0.10 | $23.50 |
| 11/3/10 | JLS | Review of Order of Reference to Magistrate Judge; Conference with GSB regarding same | 0.20 | $47.00 |
| 12/21/10 | GSB | Review Civil Minutes on Order to Show Cause Hearing | 0.10 | $40.00 |
| Total | | | | $237.50 |

Generally, this is not time that an attorney actually reviews the incoming documents himself, but rather the time that someone makes a notation that the document was received. The undersigned finds a reduction of $237.50 appropriate for tasks secretarial in nature.

3

Additionally, some time entries are billed by both Mr. Betensky and Mr. Spoont. Examples of such time entries are: 1) on December 16, 2010, Mr. Betensky billed 0.20 hours for the review of the undersigned's Report and Recommendation, and on December 22, 2010, Mr. Spoont billed 0.10 hours for the same thing; 2) on September 7, 2010, Mr. Betensky billed 0.10 for the review of the Court's order to Show Cause and Mr. Spoont billed 0.10 for the same thing on September 15, 2010; 3) on October 5, 2010, Mr. Betensky billed 0.10 hours for the same thing that Mr. Spoont billed 0.10 hours for on October 1, 2010; and 4) On October 6, 2010, Mr. Betensky billed 0.10 hours for the review of an Order that Mr. Spoont billed 0.10 hours for on October 8, 2010.  The undersigned finds that only the fees of one attorney, Mr. Betensky's fees, may be recovered for these duplicative tasks.  The fee request should be reduced by 0.40 hours resulting in a reduction in fees of $94.00 for these duplicative time entries.  Accordingly, a total fee reduction of $3,471.00 ($3,139.50 + $237.50 + $94.00) is warranted, resulting in a total fee award of $22,174.50.

Having reviewed the applicable filings and the law, and having held a hearing in this matter, and in accordance with the foregoing, it is

ORDERED AND ADJUDGED that Mr. Deeb pay the plaintiff $22,967.00 in sanctions ($22,174.50 in fees and $792.50 in costs).

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of January, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Chambers provided copies to:

Joel Deeb as Registered Agent for
Omega MC, Inc.
14575 NW 16 Dr.
Miami, FL 33167

Jean R. Compas, Sr. Registered Agent for
Vizonlakay, Inc.
6753 West Camella Dr.
Miramar, FL 33023