UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23412-CIV-HUCK/O'SULLIVAN

STANLEY HANDAL,

          Plaintiff,

vs.

JOEL DEEB, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Notice of Defendant Joel Deeb's Non-Compliance with Court Order (DE # 81) and Motion for Sanctions and Other Relief (DE # 85, 1/21/11), the undersigned's Order to Show Cause (DE # 88, 1/24/11) and following a Show Cause hearing held before the undersigned on February 17, 2011. For the reasons stated on the record, and herein, the undersigned respectfully recommends that the Plaintiff's Motion for Sanctions (DE # 85, 1/21/11) be GRANTED and that the Court enter an Order finding Joel Deeb in civil contempt of the portion of the January 19, 2011, Order (DE# 81), requiring Mr. Deeb to provide plaintiff's counsel with copies of all his travel documents relating to his travel in the last year. The undersigned further recommends that a warrant for Mr. Deeb's arrest be issued and that Mr. Deeb be held in civil contempt until he has complied with the aforementioned portion of the January 19, 2011, Order.

## BACKGROUND

On January 19, 2011, the undersigned issued an Order (DE# 81) requiring "that on or before 3:00 P.M. on January 21, 2011, Mr. Deeb shall provide to plaintiff's counsel, copies of all travel documents relating to his travel in the last year by July 15, 2010." See Order (DE# 81 at 1, 1/19/11). The defendant, Joel Deeb, failed to comply with the undersigned's Order (DE# 81, 1/19/11).

On January 24, 2011, the undersigned issued an Order to Show Cause (DE# 88) setting this matter for a Show Cause hearing on February 17, 2011, and requiring the defendant to "be prepared to testify under oath and show cause why he should not be held in civil contempt for failing to comply with the Court's January 19, 2011 Order (DE# 81)." Order (DE # 88, 1/24/11). The undersigned's January 24, 2011, Order further instructed that "[t]he defendant may be sanctioned and subject to arrest for failing to comply with any portion of this Order or for failing to appear at the February 17, 2011 hearing." Order (DE # 88, 1/24/11). Mr. Deeb attended the February 17, 2011, Show Cause hearing, and testified, but failed to show cause why he did not provide the required travel documents to the plaintiff by January 21, 2011. Mr. Deeb testified at the hearing that no travel documents were in the briefcase that was allegedly stolen in January 2011. According to Mr. Deeb's testimony, the passport was in the briefcase, but not the travel documents that were ordered to be provided on or before January 21, 2011. Accordingly, the undersigned recommends that Mr. Deeb be held in civil contempt.

## ANALYSIS

A district court's power to find a party in civil contempt for disobeying court orders stems from its inherent power to enforce compliance with its lawful orders. Citronelle-Mobile Gaterhin, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A finding of civil contempt – willful disregard of the authority of the court – must be supported by clear and convincing evidence." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). Civil contempt is appropriate upon a finding that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard, 307 F.3d at 1296. "Once it has been shown that a violation of the order has occurred, the burden shifts to the contemnor to demonstrate an impossibility of compliance." In re Lawrence, 279 F.3d 1294, 1299 (11th Cir. 2002). The Eleventh Circuit has made clear that

"[d]istrict courts have broad discretion in fashioning civil contempt sanctions." Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990). Generally, sanctions for civil contempt serve two purposes: (1) to coerce the contemnor into compliance with the Court's order; and (2) to compensate the complainant for losses sustained as a result of the contumacious behavior. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947).

In the instant case, the undersigned issued an Order on January 19, 2011, requiring Mr. Deeb to provide to plaintiff's counsel, on or before 3:00 P.M. on January 21, 2011, copies of all travel documents relating to Mr. Deeb's travel in the last year.  At the hearing before the undersigned on February 17, 2011, plaintiff's counsel indicated that Mr. Deeb failed to provide copies of all travel documents to plaintiff's counsel.  Also at the February 17, 2011 hearing, Mr. Deeb testified that the travel documents were not in the briefcase that was stolen in January 2011.

The undersigned finds that the January 19, 2011, Order is valid and lawful, that the Order is clear and unambiguous, and that Mr. Deeb has the ability to comply with the Order. Riccard, 307 F.3d at 1296.  The undersigned also finds that the record was clear at the January 18, 2011, hearing of what the undersigned meant by the travel documents that were to be provided to plaintiff's counsel on or before January 21, 2011.  Mr. Deeb has failed to show any valid justification for his disregard of the January 19, 2011, Order. The sanction requested against Mr. Deeb is specifically tailored to obtain Mr. Deeb's compliance with the undersigned's prior Order.  Accordingly, the undersigned respectfully recommends that the defendant, Joel Deeb, be held in civil contempt, that a warrant be issued for his arrest and that he be held until he provides plaintiff's counsel copies of all travel documents relating to his travel for the last year.

**RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, it is respectfully

**RECOMMENDED** that the plaintiff's Motion for Sanctions (DE # 85, 1/21/11) be GRANTED in

accordance with this Report and Recommendation and that the defendant Joel Deeb be held in

civil contempt, that a warrant be issued for his arrest and that he be held until he provides

plaintiff's counsel copies of all his travel documents relating to his travel for the last year.

The parties have fourteen (14) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the Honorable

Paul C. Huck, United States District Judge. Failure to file timely objections shall bar the parties

from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d

745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); RTC v. Hallmark

Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this

22nd day of February, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Huck
All counsel of record

Copies provided by Chambers to:

Joel Deeb as Registered Agent for
Omega MC, Inc.
14575 NW 16 Dr.
Miami, FL 33167

Jean R. Compas, Sr. Registered Agent for
Vizonlakay, Inc.
6753 West Camella Dr.
Miramar, FL 33023